**Benjamin Perez PIEDRACRUZ,
Petitioner,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

**No. 08–73991.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 20, 2009.*

Filed Jan. 28, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Benjamin Perez Piedracruz, Los Angeles, CA, pro se.

U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, SILVERMAN and BYBEE, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's motion to reopen removal proceedings and reconsider its previous order.

We have reviewed the response to the October 9, 2008 order to show cause. We dismiss this petition for review for lack of jurisdiction with respect to the BIA's denial of the motion to reopen. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Fernandez v. Gonzales*, 439 F.3d 592, 601 (9th Cir.2006) (concluding that the court lacks jurisdiction to review the Board of Immigration Appeals' denial of motion to reopen for failure to establish a prima facie case if a prior adverse discretionary decision was made by the agency).

** This disposition is not appropriate for publication and is not precedent except as provid-

We deny the petition for review with respect to the BIA's denial of the motion to reconsider because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). An alien in removal proceedings is limited to filing one motion to reconsider any given decision, and that motion must be filed within 30 days of the date of entry of that decision. 8 C.F.R. § 1003.2(b)(2). Because petitioner's motion was filed beyond the 30–day deadline, and petitioner has not contended that any exceptions to this time limit apply, the BIA did not abuse its discretion in denying petitioner's untimely motion to reconsider. *See Morales Apolinar v. Mukasey*, 514 F.3d 893, 895 (9th Cir.2008).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**